**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO:

BASSEY S. BASSEY,

Plaintiff,

v.

ZAKHEIM & LAVRAR, P.A.,

Defendant.
_______________________________________ /

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, BASSEY S. BASSEY (hereinafter, "Plaintiff"), by and through counsel, brings this action against Defendant, ZAKHEIM & LAVRAR, P.A. (hereinafter, "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## PARTIES

2. Plaintiff, is a natural person who resided in Lauderhill, Florida, at all times relevant to this action.

3. Defendant, is a Plantation, Florida Professional Association engaged in the collection of debt within the State of Florida.

**JURISDICTION AND VENUE**

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

7. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

8. Plaintiff does not owe the alleged consumer debt Defendant is attempting to collect.

9. The alleged debt at issue arises from transactions for personal, family, or household purposes.

10. In or around 2012, Defendant began calling Plaintiff to collect an alleged debt.

11. In or around 2012, Defendant placed repeated harassing calls to Plaintiff 5 or more times per day.

12. In or around 2012, Plaintiff sent Defendant a written cease and desist letter.

13. In or around November, 2015, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

14. In or around November, 2015, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

15. During the aforementioned conversation, Plaintiff told Defendant's collector to stop calling.

16. On multiple occasions since the aforementioned conversation, Plaintiff has spoken with Defendant's collectors and told them to stop calling.

17. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff's cellular telephone.

18. Defendant's collectors behaved in a rude and harassing manner when talking to Plaintiff.

19. Defendant's calls used a prerecorded or artificial voice message.

20. Upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

21. Defendant's calls were not placed for emergency purposes.

22. Upon information and belief, Defendant knowingly and intentionally called Plaintiff via an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

23. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

24. Defendant's collectors are familiar with the FDCPA.

25. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

**COUNT ONE - VIOLATIONS OF THE FDCPA**

27. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 26 above as if fully set forth herein.

28. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

29. Defendant is liable under 15 U.S.C. § 1692e for attempting to collect amounts not due or owing and falsely representing the character, status, and amount of the alleged debt.

30. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

**COUNT TWO - VIOLATIONS OF THE TCPA**

31. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 26 above as if fully set forth herein.

32. Defendant is liable under 47 U.S.C. 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

33. These calls were made knowingly and willfully.

## COUNT THREE - VIOLATIONS OF THE FCCPA

34. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 26 above as if fully set forth herein.

35. At all times relevant to this action, Defendant is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

36. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

37. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

38. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

39. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff or Plaintiff's family member with such frequency as can reasonably be expected to harass Plaintiff or Plaintiff's family member, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or Plaintiff's family member.

40. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

41. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA and FCCPA of $1,000.
3. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.
4. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.
5. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77.
6. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77.
7. Any other relief that this Court deems appropriate.

DATED: December 6, 2016

RESPECTFULLY SUBMITTED,

By: */s/ John P. Murray*

*Of Counsel*
John P. Murray, Esq. (FL Bar No.: 975818)
Hyslip & Taylor, LLC, LPA
2655 Lejeune Rd. PH1-D
Coral Gables, FL 33134
Phone: 305-779-4818
Fax: 305-779-4819
Email: john@johnpmurray.com
Attorney for Plaintiff, Bassey S. Bassey